**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **IN RE:** | |
| | **Jointly Administered Under Case:** |
| **REMARKABLE HEALTHCARE OF CARROLLTON LP,** EIN: 5960 | **Case No.:      23-42098** |
| **REMARKABLE HEALTHCARE OF DALLAS, LP,** EIN: 3418 | **Chapter 11** |
| **REMARKABLE HEALTHCARE OF FORT WORTH, LP,** EIN: 1692 | |
| **REMARKABLE HEALTHCARE OF SEGUIN, LP,** EIN: 4566 | |
| **REMARKABLE HEALTHCARE, LLC,** EIN: 5142 | |
| **DEBTORS.** | |

## ORDER DISMISSING BANKRUPTCY CASES WITH PREJUDICE

This matter having come before the Court on Remarkable Healthcare of Carrollton, LP and its affiliated debtors and debtors-in-possessions' (collectively, the "Debtors") *Motion to Dismiss Bankruptcy Cases* (the "Motion to Dismiss"); and the Court having found that notice was good and sufficient; and the Court having considered the Motion to Dismiss, any objections and responses to the Motion to Dismiss which were filed with the Court, all evidence introduced at any hearing on the Motion to Dismiss, and the positions of the parties as reflected in the transcript of

any hearing on the Motion to Dismiss; and sufficient cause appearing to the Court; now, therefore, it is

**ORDERED** that the Motion to Dismiss is granted; as set forth herein it is further

**ORDERED** that the following, above-captioned bankruptcy cases are dismissed pursuant to section 1112(b) of the Bankruptcy Code:

- *In re Remarkable Healthcare of Carrollton, LP*, numbered 23-42098;

- *In re Remarkable Healthcare of Dallas, LP*, numbered 23-42099;

- *In re Remarkable Healthcare of Fort Worth, LP*, numbered 23-42100;

- *In re Remarkable Healthcare of Seguin, LP*, numbered 23-42101; and

- *In re Remarkable Healthcare, LLC*, numbered 23-42102; it is further

**ORDERED** that this dismissal is with prejudice to refiling for 180 days from the date of this Order; it is further

**ORDERED** that any estate professional that requests fees in excess of their respective prior Court-approved retainers as previously approved by prior employment orders and cash collateral orders of the Court shall file an application for the excess compensation no later than fourteen (14) days following the date of entry of this Order, otherwise no further applications are required by the respective estate professionals.  Notwithstanding the foregoing, the Subchapter V Trustee's fees and expenses of up to $1,600.00 in excess of prior retainers are also approved and may be paid without further application. It is further

**ORDERED** that Debtors, Regions Bank, and Alleon Capital Partners LLC are authorized and directed to reinstate their prepetition Deposit Account Control Agreements and cash management systems.  Debtors are no longer bound by any cash collateral or cash management orders entered in this case; and it is further

**ORDERED** that the Court shall retain jurisdiction to enforce this Order and matters arising

therefrom.

Signed on 02/09/2024

*Brenda T. Rhoades*     SD
_____

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Order submitted by:

Mark A. Castillo (markcastillo@ccsb.com)
  Texas State Bar No. 24027795
Robert C. Rowe (rrowe@ccsb.com)
  Texas State Bar No. 24086253
Carrington, Coleman, Sloman & Blumenthal, LLP
901 Main Street, Suite 5500
Dallas, TX  75202
Telephone: (214) 855-3000
Facsimile: (214) 580-2641

*Counsel to the Debtors and Debtors-in-Possession*